# "EXHIBIT 4"

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

JAN 2 4 2017

RICK WARREN
COURT CLERK
40_____

| | |
|---|---|
| PWB DEVELOPMENT, L.L.C., <br> Plaintiff, <br> v. <br> ACADIA INSURANCE COMPANY and FRATES INSURANCE & RISK MANAGEMENT, L.L.C., <br> Defendants. | Case No: <br> **CJ- 2017 - 416** <br> JURY TRIAL DEMANDED |

### PETITION

COMES NOW the Plaintiff and for its causes of action against Defendants alleges and states as follows:

The following is the best and most complete information that Plaintiff currently has on the specifics of the representations, conversations and communications between the parties. As discovery progresses, Plaintiff will supplement these allegations with any additional material facts.

1. Plaintiff, PWB Development, L.L.C. ("PWB") owns a building in Oklahoma City leased to KAMPCO Foods, L.L.C. ("KAMPCO"). KAMPCO operates a restaurant in the building.

2. The lease agreement between PWB and KAMPCO requires KAMPCO to purchase and maintain property and casualty insurance on the subject building with PWB named as an insured.

3. Frates Insurance & Risk Management was, at all times material hereto, licensed, appointed and under contract to sell insurance for Acadia Insurance Company and therefore was Acadia's agent and producer for the subject insurance policy.

4. The factual detail and particular who, what, when, and where, associated with this cause of action is set forth in this paragraph with as much specificity as is currently known to the Plaintiff. PWB and KAMPCO had an agreement that KAMPCO would purchase insurance on the subject building for the benefit and protection of PWB and KAMPCO. On October 17, 2014, Betty Massie on behalf of PWB contacted Frank McGregor at KAMPCO and asked that he provide renewal certificates of insurance on the building and he agreed to obtain these from Frates and do so before the actual renewal date of November 29, 2014. On November 21, 2014, Ms. Massie contacted Frank McGregor again requesting insurance verification on the building. Mr. McGregor promised to have Frates send one as soon as the contract was in place. On December 1, 2011, Mr. McGregor contacted Frates to discuss this and was advised that PWB would be added as an insured on the subject policy. The Frates representative told this to Mr. McGregor with the understanding and intent that this would be passed on to PWB and that PWB would rely on this representation. Mr. McGregor did in fact relay this information to Betty Massie at PWB and followed this up with a written certificate of property insurance provided by Frates on behalf of Acadia stating that PWB was an insured under policy no. CPA4680690-11 effective November 29, 2014 - November 29, 2015. KAMPCO knew and understood in the above conversations that PWB was requesting confirmation and proof of insurance coverage for its own benefit and also for the requirements that it had in the lending agreement/mortgage with the mortgage holder on the building. KAMPCO's representative Frank McGregor conveyed this information to Frates and Frates knew and understood this when it confirmed verbally to Mr. McGregor that PWB would be an insured on the subject property and when it followed this up with written confirmation in the certificate of property insurance

confirming to KAMPCO and PWB that this insurance was in fact in place with PWB as an insured. Frates created the certificate of property insurance for the sole purpose of confirming the representation to PWB of issuance of the policy and the addition of PWB as an insured so that KAMPCO, PWB and PWB's mortgage lender would all know and understand that the subject requested insurance was in place. These representations and the written confirmation in the certificate of property insurance were provided by Frates to PWB well before the subject fire in March 2015. The above information is the most complete and best information that Plaintiff has at the current time. All details, dates of conversations and names of individuals are provided to the best of Plaintiff's current ability.

5. In March of 2015, the subject commercial property was heavily damaged in a fire. Under the terms of the lease agreement KAMPCO's rent was abated during the time it took to rebuild and repair the fire damage and PWB lost $150,913.29 as a result.

6. On or about February 26, 2016, PWB submitted a claim to Acadia under the subject insurance policy for PWB's the lost rent in the amount of $150,913.29. In support of this claim PWB attached the Certificate of Property Insurance showing that PWB was a named insured under the subject insurance policy, the lease agreement with amendments, a schedule of lost rental income, income tax form 8825 for the tax year 2014 and income statements for 2014, 2015. This information was a proper proof of loss and proved conclusively that Acadia, through its agent/producer Frates, confirmed and represented in writing to PWB that the required insurance policy was in place for PWB's protection and that PWB was a named insured under the subject insurance policy.

3

7. After the fire loss and the subject claim was submitted on behalf of PWB, a general adjuster purporting to represent Acadia Insurance Company denied coverage for PWB's loss of rents claim alleging that PWB had not been added to the policy as an insured.

## COUNT I

PWB incorporates all previous allegations and further alleges and states:

8. Acadia and Frates made a material representation.

9. This material representation was false.

10. Defendants, Acadia and Frates made this representation when they knew it was false or made it as a positive assertion recklessly without any knowledge of its truth.

11. Defendants made the representation with the intention it should be acted upon by PWB.

12. PWB acted in reliance upon it.

13. PWB thereby suffered injury.

14. Defendants concealed and failed to disclose a past or present fact which they had a duty to disclose.

15. The fact was material.

16. Defendants failed to disclose it or concealed it with the intent of creating a false impression of the actual facts in the mind of PWB.

17. Defendant concealed or failed to disclose it with the intention that it should be acted upon by PWB.

18. PWB acted in reliance upon this.

19. Plaintiff thereby suffered injury.

20.   As a direct result of this false representation and concealment, PWB has been damaged in the amount of the lost rents set forth above, together with other consequential financial damages.

21.   The actions of Acadia and Frates were reckless and wanton or willful and malicious and PWB is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, Acadia Insurance Company and Frates Insurance and Risk Management, L.L.C., and each of them for both compensatory and punitive damages; plus interest, costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

### COUNT II

PWB incorporates all previous allegations and further alleges and states:

22.   When PWB submitted the claim with supporting documentation Acadia had sufficient information to show unequivocally that it had confirmed and represented that PWB was insured under the subject policy and the subject insurance policy covered PWB for loss of rents.

23.   Acadia breached the implied covenant of good faith and fair dealing in accord with its routine practice for the handling of such claims, in the following respects:

a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits because Defendant had represented to Plaintiff that Plaintiff would be insured;

b. failing to properly investigate Plaintiff's claim;

c. refusing to honor Plaintiff's claim for reasons contrary to the express provisions of the policy and Oklahoma law;

d. refusing to honor Plaintiff's claim by applying restrictions not contained in the policy;

e. refusing to honor Plaintiff's claim by knowingly misconstruing and misapplying Oklahoma law;

f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claim;

g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

h. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

i. failing to properly evaluate any investigation that was performed;

j. refusing to consider the reasonable expectations of the insured; and,

k. failing and refusing to properly investigate and consider the insurance coverage that it promised to the insured;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendant Acadia.

24. As a direct result of Acadia's acts and omissions, Plaintiff has suffered loss of the policy benefits in the amount of $150,913.29, attorney fees and other consequential financial loss.

25. Acadia acted recklessly and/or intentionally and with malice in breaching its duty to deal fairly and act in good faith such that punitive damages are appropriate.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, Acadia Insurance Company for its damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess

of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

### COUNT III

PWB incorporates all previous allegations and further alleges and states:

26. Frates negligently failed to procure the insurance coverage for PWB.

27. PWB was damaged as a result in the amount of the above described loss of rents.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, Frates Insurance & Risk Management, L.L.C., for its damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7302
T: (405) 232-4100 ** F: (405) 232-4140
Email: mec@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**ATTORNEYS FOR PLAINTIFF**